# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RYAN BROWN, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 08-0764 (GEB) |
| v. | : | |
| JERSEY CITY PARKING AUTHORITY, | : | **MEMORANDUM OPINION** |
| CITY OF JERSEY CITY, RITA TAYLOR, | : | |
| JOHN LUIGI,  SHARON HARRINGTON, | : | |
| SHEILA A. VENABLE,  MAURICE | : | |
| GALLIPOLI,  FERNANDO PICARIELLO, | : | |
| MARIA FIGUEROA,  MARK D. RUSS, | : | |
| COUNTY OF HUDSON,  STATE OF NEW | : | |
| JERSEY, | : | |
| | : | |
| Defendants. | : | |

**BROWN, Chief Judge**

   This matter comes before the Court upon *pro se* plaintiff Ryan Brown's ("Plaintiff")

motion to remand ("Motion") and the motions to dismiss of the following defendants: (1) the

State of New Jersey, The Hon. Sheila A. Venable, and the Hon. Maurice Gallipoli (the "State

Defendants") (Docket Entry No. 16); (2) Fernando Picariello, Maria Figueroa, Mark D. Russ,

and the Parking Authority for Jersey City (the "Parking Authority Defendants") (Docket Entry

No. 17); (3) the City of Jersey City and John Luigi (the "Jersey City Defendants") (Docket Entry

No. 26); and (4) Rita Taylor and Sharon Harrington (Docket Entry No. 42).  The Court has

reviewed the parties' submissions and decided the motion without oral argument pursuant to

Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court will grant

Plaintiff's Motion, rendering defendants' motions moot .

## I.  BACKGROUND

   On January 9, 2008, plaintiff Ryan Brown ("Plaintiff") filed a complaint ("Complaint")

under 42 U.S.C. § 1983 in New Jersey Superior Court, Ocean County.  (Docket Entry No. 1, Ex. A.)  Plaintiff alleged that he had been deprived of his civil rights under the Fourth, Fifth, and Fourteenth Amendments  (Id., at 10), naming twelve defendants[1]: the Parking Authority for Jersey City, the City of Jersey City, Rita Taylor, John Luigi, Sharon Harrington, the Honorable Sheila A. Venable, the Honorable Maurice Gallipoli, Fernando Picariello, Maria Figueroa, Mark D. Russ, the County of Hudson, and the State of New Jersey (collectively, "Defendants"). (Docket Entry No. 5, Caption.)  The Honorable Sheila A. Venable, the Honorable Maurice Gallipoli and the County of Hudson were served with the Complaint and summons on January 15, 2008 (Docket Entries No. 4 at ¶2 and 37 at 8); John Luigi, Fernando Picariello, Mark D. Russ, Maria Figueroa, and the Parking Authority for Jersey City was served on January 17, 2008; Rita Taylor and Sharon Harrington were served on January 22, 2008; the State of New Jersey was served on January 28, 2008; and the City of Jersey City was served on January 31, 2008.  (Docket Entry No. 37 at 8.)

On February 5, 2008, the Parking Authority Defendants filed a notice of removal in United States District Court for the District of New Jersey in Newark, New Jersey.  (Docket Entry No. 6, App. B.)  On February 13, 2008, the Jersey City Defendants filed a notice of removal in this Court.  (Docket Entry No. 1.)  Both sets of defendants petitioned to move the action to federal court on grounds that the Complaint invoked a federal question.  (Docket Entries No. 1 and No. 6, App. B at ¶9.)  On February 19, 2008, Plaintiff filed a motion to remand ("Motion to Remand") the case to state court, disputing the existence of a federal claim

---

[1]  The names Wendy Walker and Jeremiah T. Healy appear in the captions of some docket entries, including the February 13 notice of removal. In his Motion to Remand, Plaintiff states that he has not named Walker or Healy as defendants.  (Docket Entry No. 6 at 11.)

and citing defects in the removal procedure.  (Docket Entry No. 6 at 6-11.)  On March 3, 2008, the Parking Authority Defendants submitted a brief in opposition to the Motion to Remand. (Docket Entry No. 13.)

On March 5, 2008, the State Defendants filed a motion to dismiss Plaintiff's claims for failure to state a claim.  (Docket Entry No. 16.)  On that same day, the Parking Authority Defendants also filed a motion to dismiss.  (Docket Entry No. 17.)  On March 7, 2008, the Jersey City Defendants filed a motion to dismiss Plaintiff's claims.  (Docket Entry No. 26.)  In response, Plaintiff filed a brief opposing the three motions to dismiss.  (Docket Entry No. 37.) On March 11, 2008, the State Defendants, in conjunction with defendants Rita Taylor and Sharon Harrington filed a response to the Motion to Remand, in which they asked the Court to rule on the State Defendants' motion to dismiss first, which they maintain "obviates the need to decide on Plaintiff's Motion to Remand."  (Docket Entry No. 27.)  On April 23, 2008, defendants Rita Taylor and Sharon Harrington also filed a motion of their own to dismiss Plaintiff's claims (Docket Entry No. 42), to which Plaintiff filed a response and opposing brief. (Docket Entries No. 44 and 45.)

## II.   DISCUSSION

Plaintiff alleges that Defendants have failed to satisfy the rule of unanimity during the removal process, and as such this case should be remanded.  (Id. at 7-10.)  The Parking Authority Defendants argue that remand is improper because: (1) all parties have consented to removal; (2) the Complaint invokes a federal claim, giving this Court jurisdiction; and (3) venue in Ocean County Superior Court violates New Jersey Court Rule 4:3-2(a)(2), which requires that for "actions against municipal corporations, counties, public agencies or officials," venue must

3

be laid "in the county in which the cause of action arose."  (Docket Entry No. 13 at 2, 9, 11.)

      *A.    Standard*

      "A defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal."  28 U.S.C. § 1446(a).  It is a well established principle that removal requires unanimity among multiple defendants.  Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) The rule of unanimity, while not requiring every defendant to sign the actual notice of removal, generally requires every defendant served in the action to provide "some form of unambiguous *written* evidence of consent to the court in timely fashion."  Michaels v. New Jersey, 955 F. Supp. 315, 321 (D.N.J. 1996) (emphasis in original).  Additionally, "each defendant must join in the notice of removal or express its consent to removal within the thirty day period defined in [U.S.C. §] 1446(b)."  Carter v. Ingersoll-Rand Co., No. 00-6438, 2001 U.S. Dist. LEXIS 2466, at *3-4 (E.D. Pa. Mar. 12, 2001).

      28 U.S.C. § 1447(c) provides that a case may be remanded if there is either a defect in the removal procedure or an absence of subject matter jurisdiction.  The failure of all defendants to join in the removal petition is a "defect in removal procedure within the meaning of § 1447(c)."  Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995).

      "The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Abels v. State Farm Fire and Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985) (citing 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3642, at 149 (2d ed. 1985).  The rule of unanimity promotes "the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand."  McManus v. Glassman's Wynnefield Inc., 710 F. Supp. 1043, 1045

(E.D. Pa. 1989) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).  "The

Court of Appeals for the Third Circuit has held that the 'unanimity rule' may be disregarded

where: (1) a non-joining defendant is an unknown or nominal party;[2] (2) a defendant has been

fraudulently joined[3]; or (3) a non-resident defendant has not been served at the time the

removing defendants filed their petition."  Michaels, 955 F. Supp. at 319 (citing Balazik, 44

F.3d at 213 n.4.)

       B.     *Application*

       Plaintiff submits that Defendants' failure to properly join in the Notice of Removal

constitutes a defect in the removal process, requiring the remand of this action to state court.

(Docket Entries No. 5 at 8-10 and No. 6 at 7-8.)  The Parking Authority Defendants submit that

all parties have consented to removal.  (Docket Entry No. 13 at 9-11.)  State defendants

Harrington, and Taylor have asked the Court to first rule on their motion to dismiss, which they

maintain "obviates the need to decide Plaintiff's Motion to Remand."  (Docket Entry No. 27.)

       Courts are generally required to determine questions of jurisdiction before reaching the

merits of a case.  Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94-95 (1998).

"[O]nce a motion to remand has been filed, it is incumbent upon the Court to proceed to decide

that motion first because, if granted, the case is remanded back to the court of initial jurisdiction

---

   [2] "Nominal parties are generally those without a real interest in the litigation."
Bumberger v. Insurance Co. of North America, 952 F.2d 764, 767 (3d Cir. 1991); see also
Michaels v. New Jersey, 955 F. Supp. 315, 319-320 (D.N.J. 1996) (In an action against the Essex
County Prosecutor's Office for malicious prosecution, City of Newark was a nominal defendant
because it had no connection to the case).

. . . , an approach [that] is consistent with the well-established principle that federal courts are of limited jurisdiction." Chrustowski v. Cumberland County Guidance Center, No. 06-48477, 2006 U.S. Dist. LEXIS 94318, at *5 (D.N.J. Dec. 20, 2006).  The Court will therefore consider the Motion to Remand first.

On February 5, 2008, the Parking Authority Defendants filed a notice of removal in United States District Court for the District of New Jersey in Newark, New Jersey.  (Docket Entry No. 6, App. B.)  On February 13, 2008, the Jersey City Defendants also filed a notice of removal in federal court in Trenton, NJ.  (Docket Entry No. 1.)  This, however, leaves six other defendants – the County of Hudson, the State of New Jersey, Rita Taylor, Sharon Harrington, The Hon. Sheila A. Venable, and the Hon. Maurice Gallipoli (collectively, the "Un-joined Defendants") – who have been served with the Complaint (Docket Entries No. 4 at ¶ 2 and No. 23-3 at ¶ 5.), but have not joined in either petition for removal.

The Parking Authority Defendants argue that the parties' consent to removal is "evident from the submissions that the other defendants are expected to file or join in opposition to [P]laintiff's Motion for Remand and discussion[s] . . . had with all defense counsel prior to and since removal was effected."  (Docket Entry No. 13 at 9.)  While it may be inferred from the various correspondences among defense counsel, as well as from motions filed by defendants subsequent to removal, that none of the Defendants objected to removal, such an inference is insufficient to satisfy the rule of unanimity.  See Michaels, 955 F. Supp. at 321.  At the very least, defendants must "voice their consent directly to the court."  Id. (citing Martin Oil. Co. v. Philadelphia Life Insurance Co., 827 F. Supp. 1236, 1239 (N.D.W. Va. 1993)).  Moreover, a removing defendant may not submit consent to the court on behalf of non-removing defendants,

as the Parking Authority Defendants appear to do.  Id.; see also Landmand v. Borough of

Bristol, 896 F. Supp. 406, 409 (E.D. Pa. 1995) ("[O]ne defendant's attempt to speak on behalf of

another defendant will not suffice.").  The Un-joined Defendants themselves have not submitted

any "unambiguous written evidence of consent to the court" within the thirty day period

required by 28 U.S.C. § 1446(b).  Michaels, 966 F. Supp. at 321.

　　　　The Un-joined Defendants do not fall within any of the three exceptions to the rule of

unanimity.  The exception for fraudulent joinder applies only to removal based on diversity,

which is not the case here.  Each Defendant is also a known party served with the Complaint.  In

order to find that the removal procedure was defective, at least one of the Un-joined Defendants

must be a non-nominal party.  While the State of New Jersey and the County of Hudson have

"no connection" to the conduct alleged in the Complaint and therefore may be "nominal

part[ies] for removal purposes," Michaels, 955 F. Supp. at 320 (citing Shaw v. Dow Brands,

Inc., 994 F.2d 364, 369 (7th Cir. 1993)), the same cannot be said of the four individual

defendants who did not join either removal petition.  (The Court does not reach any claims of

judicial immunity that may be asserted by defendant Venable or Gallipoli.)

　　　　Rita Taylor is the supervisor for the Division of Suspensions and Restorations within the

New Jersey Motor Vehicle Commission.  (Docket Entry No. 44 at 9.)  Sharon Harrington is the

Chief Administrator of the Motor Vehicle Commission.  (Id.)  Plaintiff alleges that the policies

and procedures implemented and maintained by these two individuals violated the requirement

that license suspensions comply with procedural due process, as held in Bell v. Burson, 402

U.S. 535, 539 (1971).  (Docket Entry No. 44 at 14.)  The Court makes no judgment as to the

merit of these claims.  However, it cannot be said that each of the six Un-joined Defendants

have "no connection" to the conduct Plaintiff alleges.  Michaels, 955 F. Supp. at 320.

Moreover, no Defendants argue that any of the Un-joined Defendants qualify for the nominal party exception.  When facing a motion to remand, the removing defendants carry the burden of establishing that removal was proper.  Shapiro v. Middlesex County Mun. Joint. Ins. Fund, 930 F. Supp. 1029, 1031 (D.N.J. 1996).  The Un-joined Defendants failure to join in either notice of removal or to submit their written consent to the Court is therefore a "defect in removal procedure" within the meaning of [Section] 1447(c).  Balazik, 44 F.3d at 213.  Because Defendants have not complied with the statutory requirements for notice of removal, this action will be remanded to state court.  The Court, therefore, need not reach the motions to dismiss. (Docket Entries No. 16, 17, 26, and 42.)

The Parking Authority Defendants' other arguments opposing remand must fail as well. First, a federal claim does not require adjudication in federal court absent exclusive jurisdiction. State court as well as federal court may have jurisdiction over a section 1983 action.  Martinez v. California, 444 U.S. 277, 283 n.7 (1980).  Second, the Parking Authority Defendants' concerns regarding venue will be more properly addressed to the state court on remand, see N.J. Ct. R. 4:3-3(a)(1), as may the other motions raised by defendants.

III.    CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion to Remand this action to state court and Defendants' Motions to Dismiss are rendered moot.  An appropriate form of Order accompanies this Opinion.

s/Garrett E. Brown, Jr.

GARRETT E. BROWN, Jr., U.S.D.J.

8